IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **ALFRED LEE MAULDIN,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | Civil Action No. 5:17-02104 |
| ) | |
| **CAMP ADMINISTRATOR BOYD,** *et al.*, ) | |
| ) | |
| **Respondents.** ) | |

## ORDER TRANSFERRING CASE

On March 30, 2017, Petitioner, acting *pro se* and incarcerated at FCI Beckley, filed his Petition for *Audita Querela* pursuant to the All Writs Act, 28 U.S.C. § 1651. (Document No. 1.)

Collateral relief is available to persons under very limited circumstances through Writs of Error *Coram Nobis* and Writs of *Audita Querela* issued under 28 U.S.C. § 1651, the All Writs Act. The United States Supreme Court explained in Pennsylvania Bureau of Corrections v. United States Marshals Service, 474 U.S. 34, 43, 106 S.Ct. 355, 361, 88 L.Ed.2d 189 (1985), as follows:

> The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.

Proceedings may be held in *coram nobis* to consider errors "of the most fundamental character." United States v. Morgan, 346 U.S. 502, 512, 74 S.Ct. 247, 253, 98 L.Ed. 248 (1954). Writs of Error *Coram Nobis*, however, provide "essentially a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction." Fleming v. United States, 146 F.3d 66, 89 - 90 (2nd Cir. 1998); see also United States v. Sessoms, 488 Fed. Appx. 737 (4th Cir. 2012)(citing Carlisle v. United States, 517 U.S. 416, 428 - 429, 116 S.Ct. 1460, 1468, 134

L.Ed.2d 613 (1996))(a writ of error *coram nobis* is limited to those petitioners who are no longer in custody pursuant to their convictions); United States v. Mandanici, 205 F.3d 519, 524 (2nd Cir. 2000). "[C]ourts may consider *coram nobis* petitions only where no other remedy is available and the petitioner presents sound reasons for failing to seek relief earlier." United States v. Mills, 221 F.3d 1201, 1204 (11th Cir. 2000), cert. denied, 531 U.S. 1144, 121 S.Ct. 1079, 148 L.Ed.2d 956 (2001). Writs of A*udita Querela* are available when there is a legal objection to a conviction which has arisen after sentencing for which there is no other remedy. United States v. Hairston, 2009 WL 891929, * 2 (N.D.W.Va. March 30, 2009)(quoting United States v. LaPlante, 57 F.3d 252, 253 (2nd Cir. 1995)). Writs of *audita querela*, however, may be issued "only to the extent that they 'fill the gaps' in the current system of federal post-conviction relief." Hairston, 2009 WL 891929 at 2(quoting Doe v. INS, 120 F.3d 200, 203 (9th Cir. 1997)).

The proper jurisdiction for filing a Petition for Writ of *Audita Querela* or Petition for Writ of *Coram Nobis* is the district of conviction. See Corrigan v. United States, 2014 WL 5460607 (N.D.W.Va. Oct. 27, 2014)(finding that the Court lacked subjected matter jurisdiction over petitioner's writ of error *coram nobis* because petitioner challenged a conviction and sentence entered in another court); Harris v. United States, 2012 WL 3637250 (E.D.N.C. Aug. 22, 2012)(transferring petition filed under the All Writs Act, 28 U.S.C. § 1651, to the district of conviction); Short v. Schultz, 2008 WL 305594 (N.D.N.J. Jan. 28, 2008)(transferring petition filed under the All Writs Act to the district of conviction); Whitley v. North Carolina, 2012 WL 8123581 (E.D.N.C. Aug. 16, 2012), aff'd, 488 Fed.Appx. 755 (4th Cir. 2012)(citing Thomas v. Cunningham, 335 F.2d 67, 69 (4th Cir. 1964)("[t]he Fourth Circuit has held that a writ of error *coram nobis* must be brought to the same court that convicted and sentenced the defendant"); Neal v. Francis, 2008 WL 2704520 (N.D.W.Va. July 3, 2008)(transferring petition for writ of

*coram nobis* to the district of conviction). In his Petition, Petitioner indicates that he was convicted in the Middle District of Tennessee. (Document No. 1.) Therefore, this Court does not have jurisdiction as Petitioner was not convicted or sentenced in the Southern District of West Virginia. Accordingly, the Court finds that the transfer of this matter is in the interest of justice and therefore warranted. See 28 U.S.C. § 1631.

Pursuant to 28 U.S.C. § 1631, it is hereby **ORDERED** that this matter be **TRANSFERRED** to the Middle District of Tennessee, Nashville Division, 801 Broadway, Room 800, Nashville, TN 37203. The Clerk is directed to **REMOVE** this matter from the Court's docket.

Furthermore, Petitioner is advised that the Southern District of West Virginia is the correct District to file an Application for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241 as Petitioner is currently incarcerated at FCI Beckley. The Clerk is therefore **DIRECTED** to mail to Petitioner a blank Application for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241 and a Form Application to Proceed *in Forma Pauperis* and Authorization to Release Institutional Account Information and to Pay Filing Fee. To the extent Petitioner wishes to seek relief pursuant to Section 2241, Petitioner should complete and return these forms to this Court.

The Clerk is directed to mail a copy of this Memorandum Opinion and Order to Petitioner, who is acting *pro se*, and transmit a copy to the Clerk of the Court for the United States District Court for the Middle District of Tennessee.

ENTER: April 3, 2017.

_____
Omar J. Aboulhosn
United States Magistrate Judge